R. Keramati, SBN# 182425
Western Legal Group, APC.
110 West C. Street, Suite 1300
San Diego, California 92101
Telephone (619) 231-2529
Facsimile (619) 231-2528

Attorney for: TOMAS IGNACIO-SANTIAGO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE NITA L. STORMES)**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal Case No. **08cr640-IEG (NLS)** |
| Plaintiff, | |
| vs. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORTS OF MOTION FOR THE TAKING OF THE VIDEO DEPOSITION OF MATERIAL WITNESS TOMAS IGNACIO-SANTIAGO |
| **Arael GUZMAN-Rodriguez (1), Misael GARCIA-Leon (2)** | |
| Defendant(s) | DATE: April 8, 2008<br>TIME: 9:30 a.m.<br>JUDGE: Honorable Nita L. Stormes |

**I.**
**INTRODUCTION**

The material witness, **TOMAS IGNACIO-SANTIAGO** arrested on or about February 22, 2008, near Otay Mesa, California Port of Enrty, by officers of United States Border Patrol after he had illegally entered the United States.

He was later designated as a material witness and placed in custody by US Marshals and subsequently transported to San Diego where he remains in custody. He may remain so indefinitely as a qualified surety cannot be found.

This witness, by and through his appointed counsel, Reza Keramati, move this Court for an Order under U.S.C. Section 3144 and Federal Rule of Criminal Procedure 15, as the witness has been unable to secure a surety under the conditions imposed by the government in this matter.

## II.
## UNDER EXISTING FEDERAL LAW
## THE COURT IS REQUIRED TO ORDER
## THE DEPOSITION AND RELEASE OF THIS WITNESS

The language of 18 U.S.C. Section 3144 provides that material witnesses who are unable to comply with any condition of release have the right to have their depositions taken and thereafter be released:

*"No material witness may be detained because of inability to comply with a condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice..."*

Further, Federal Rule of Criminal Procedure 15(a) provides the procedure basis for this motion for deposition:

*"If a witness is detained pursuant to Section 3144 of Title 18, United States Code, the Court on written motion of the witness and upon notice to the parties may direct that the witness's deposition be taken. After the deposition has been subscribed the Court may discharge the witness..."*

The language of 18 U.S.C. 3144 is mandatory and requires material witnesses' deposition and release. Moreover, any ambiguity which exists in 18 U.S.C. Section 3144 must be construed in favor of material witnesses where they were incarcerated indefinitely without being charged with any criminal violation.

As part of In Re Class Action Application for Habeas Corpus on behalf of all Material Witnesses in the Western District of Texas, 612 Fed.Supp. 940, 945 (1985), the Court stated:

*As a final matter, this Court is of the opinion that 18 U.S.C. Section 3144 required that an individual incarcerated as a material witness be deposed if certain requirements are met. Without assistance of counsel, it is this Court's belief that deposition of the material witnesses*

1  *rarely go forward and that as a consequence, the incarceration of material witnesses is*
2  *prolonged. This Court is of the opinion that extant procedures not only create the risk of*
3  *erroneous deprivations of liberty, but also create the risk of unnecessarily prolonged*
4  *deprivations of liberty..."*

5  The instant witness is entitled to due process of the law under the Fifth Amendment. Id.
6  612 Fed. Supp. at 944. Also see United States v. Linton, 502 Fed. Supp. 878 (1980), which had
7  a material witness's deposition ordered and then ordered the release of the material witness
8  despite failure of the witness to appear in response to subpoena in the underlying criminal action.

9  Further, legislative history supports the position that the deposition and release of the
10 material witness is mandatory.

11 Section 3144: RELEASE OR DETENTION OF A MATERIAL WITNESS, reads (in
12 part):

13 *"This Section carries forward, with two significant changes, current 18 U.S.C. 3149*
14 *which concerns the release of a material witness. If a person's testimony is that it may become*
15 *impracticable to secure his presence by subpoena, the government is authorized to take such*
16 *person into custody. A judicial officer is to treat such a person in accordance with Section 3142*
17 *and to impose those conditions of release that he finds to be reasonably necessary to assure the*
18 *presence of the witness as required, or if no conditions of release will assure the appearance of*
19 *the witness, order his detention as provided in Section 3142. However, if a material witness*
20 *cannot comply with release conditions or there are no release conditions that will assure his*
21 *appearance, but he will give a deposition that will adequately preserve his testimony, the judicial*
22 *officer is required to order the witness's release after the taking of the deposition if this will not*
23 *result in a failure of justice...1984 U.S. Code Cong. and Adm. News, p 3182.*

24 In the instant mater, counsel for the detained material witness believes there will be no
25 failure of justice in requiring the deposition, and asserts that such contention is supported by case
26 law. It is true that defendant has a Constitutional right to confront and cross-examine witnesses
27 against them, but this right must be balanced against the Constitutional rights of the detained
28 witness. In this matter, the defendant is represented by counsel, said counsel has not been denied

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR THE TAKING OF
THE VIDEO DEPOSITION OF MATERIAL WITNESS TOMAS IGNACIO-SANTIAGO**

the opportunity to interview the witness while the witness has been detained, and said counsel and his client will be notified of the time and place of the deposition and are invited to ask all questions of the witnesses which they believe will further their case.

### III.
### THE WITNESS AND HIS FAMILY ARE SUFFERING ECONOMIC HARDSHIP AS A RESULT OF HIS CONTINUING INCARCERATION

Federal courts in this District have been applying <u>Torres-Ruiz v. U.S. District Court For The Southern District of California</u>, 120 F.3d 933 (9th Cir. 1997) as support for a decision to order the depositions and subsequent release of material witnesses. Some of these same courts have also been asking for some reassurance that continued incarceration of witnesses will result in a hardship for the witnesses. Counsel for this witness has provided the Court with a separate declaration identifying the circumstances which are in place creating severe economic and personal hardships for this witness and his family. Thus, this standard and often-applied requirement has been met.

### IV.
### CONCLUSION

Under the clear meaning of U.S.C. Section 3144, legislative history and relevant case law, the ordering of deposition and subsequent release of this material witness appears mandatory.

With that in mind, the witness respectfully requests this Court grant a video deposition of his testimony and then order his release.

DATED: <u>March 21, 2008</u>           */s/ Ray Keramati*
                                       R. Keramati, Esq.
                                       Attorney for Material Witness
                                       TOMAS IGNACIO-SANTIAGO

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR THE TAKING OF THE VIDEO DEPOSITION OF MATERIAL WITNESS TOMAS IGNACIO-SANTIAGO**