**NANCY BRYN ROSENFELD**
Attorney at Law
California State Bar No. 99108
1168 Union Street, Suite 303
San Diego, California 92101
Telephone No. (619) 234-3616

Attorney for Defendant
**ARAEL GUZMAN RODRIGUEZ**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE IRMA E. GONZALEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>**ARAEL GUZMAN RODRIGUEZ**<br><br>     Defendant. | Criminal No. **08 CR 0640-IEG**<br><br>Date: April 28, 2008<br>Time: 2:00 p.m.<br><br>**NOTICE OF MOTIONS AND MOTIONS TO:**<br>**1) COMPEL THE PRODUCTION OF FURTHER DISCOVERY; AND**<br>**2) GRANT THE DEFENSE LEAVE TO FILE FURTHER MOTIONS** |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, and PAUL STARITA, ASSISTANT UNITED STATES ATTORNEY

    PLEASE TAKE NOTICE that on Monday, April 28, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, Arael Guzman Rodriguez by and through his counsel, Nancy Rosenfeld, will ask this Court to enter an order granting the motions listed below.

//

//

-1-

## MOTIONS

The defendant, Arael Guzman Rodriguez, by and through his attorney, Nancy Rosenfeld, pursuant to the Fifth, and Sixth Amendment to the United States Constitution, the Federal Rules of Criminal Procedure 12(b)(1), 12(b)(3), and 12(b)4), and all other applicable statutes, case law and local rules, hereby moves this Court for an order to:

(1) Compel discovery/preserve evidence; and

(2) Grant the defense leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the attached exhibits, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

Dated: March 25, 2008

*/S/ Nancy Bryn Rosenfeld*
NANCY BRYN ROSENFELD
Attorney for Defendant
Arael Guzman Rodriguez

**NANCY BRYN ROSENFELD**
Attorney at Law
California State Bar No. 99108
1168 Union Street, Suite 303
San Diego, California 92101
Telephone No. (619) 234-3616

Attorney for Defendant
**ARAEL GUZMAN RODRIGUEZ**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## (HONORABLE IRMA E. GONZALEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **ARAEL GUZMAN RODRIGUEZ,** ) <br> ) <br> Defendant. ) <br> _____ ) | Criminal No. **06 cr 0640-IEG** <br><br> **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |

## STATEMENT OF FACTS AND CASE

On April 12, 2006, an indictment was filed against Arael Guzman Rodriguez, charging a violation of Title 8, United States Code, section 1324.

Prior to the filing of the indictment, the prosecution had provided some incident reports of Mr. Guzman Rodriguez's arrest in conjunction with a "fast track" offer. The reports reflect the following.

Arael Guzman Rodriguez, a Mexican citizen with no prior experience being in the United States, was observed driving a vehicle that had five undocumented immigrants in the back seat. The co-defendant, Misael Garcia Leon was in the

-1-                                    08 cr 0640

front passenger seat of the car. According to reports of interviews of the material witnesses, Garcia Leon had guided them into the United States. They did not see Mr. Guzman until he drove the car that they entered after arriving in the United States.

# I.

## THE COURT SHOULD COMPEL THE GOVERNMENT TO PRODUCE DISCOVERY AND PRESERVE EVIDENCE.

Arael Guzman Rodriguez makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16. This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

(1) <u>Mr. Guzman Rodriguez's Statements</u>. The government must disclose: (1) copies of any written or recorded statements made by Mr. Guzman Rodriguez; (2) copies of any written record containing the substance of any statements made by Mr. Guzman Rodriguez in response to interrogation by a known government agent; and (3) the substance of any statements made by Mr. Guzman Rodriguez which the government intends to use, for any purpose, at trial. See Fed. R. Crim. P. 16(a)(1)(A).

Mr. Guzman Rodriguez specifically requests any rough notes taken by any agents of any alleged post-arrest statements. Under Federal Rule of Criminal Procedure 16, the government is specifically required to produce "that portion of *any* written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by

-2-                                           08 cr 0640

any person then known to the defendant to be a government agent." Id. (emphasis added). In explaining the amendment, the advisory committee notes to the 1991 amendment to Rule 16 state:

> The rule now requires the prosecution, upon request, to disclose any written record which contains reference to a relevant oral statement by the defendant which was in response to interrogation, without regard to whether the prosecution intends to use the statement at trial. The change recognizes that the defendant has some proprietary interest in statements made during interrogation regardless of the prosecution's intent to make any use of the statements.
>
> The written record need not be a transcription or summary of the defendant's statement but must only be some written reference which would provide some means for the prosecution and defense to identify the   statement.

Fed. R. Crim. P. 16 advisory committee's note.

As the plain language of the rule and the advisory committee notes make clear, five elements must be met for an item to be discoverable. First, the item must be a written record. Second, it must contain a reference to an oral statement made by the defendant. Third, the oral statement must be relevant. Fourth, the statement must be in response to interrogation by a government agent. Fifth, the defendant must know that the interrogator is a government agent. If *any* written record possesses these elements, it is discoverable.

An agent's rough notes of Mr. Guzman Rodriguez's statements clearly possess all five elements. First, the handwritten notes are obviously a written record. Second, they would contain references to oral statements made by Mr. Guzman Rodriguez. Third, Mr. Guzman Rodriguez's statements are certainly relevant as they directly bear on the critical events at issue in this criminal prosecution. Fourth, Mr. Guzman Rodriguez is only asking for notes of statements that were made in response to interrogation. Fifth, any person that interviewed Mr. Guzman Rodriguez after his arrest was obviously a known government agent. Thus, under the clear language of the rule, such rough notes

are discoverable.

Mr. Guzman Rodriguez maintains that any agents' rough notes of his post-arrest statements are clearly discoverable under amended Rule 16(a)(1)(A). The plain language of the amended rule and the commentary explaining the amendment mandate such a result. It should be noted that when considering Rule 16, even before the 1991 amendment, the Ninth Circuit endorsed "the view that the defendant ought to be able to see his statement in whatever form it may have been preserved in fairness to the defendant and to discourage the practice, where it exists, of destroying original notes, after transforming them into secondary transcriptions, in order to avoid cross-examination based upon the original notes." United States v. Harris, 543 F.2d 1247, 1252 (9th Cir. 1976) (emphasis deleted).

Finally, under the third category, the government is required to disclose the substance of any "relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial." Fed. R. Crim. P. 16(a)(1)(A). The government's intent to use the statement at trial is read broadly -- it includes not only statements to be introduced into evidence at trial but also statements used for impeachment purposes. See Fed. R. Crim. P. 16 advisory committee's notes ("[T]he prosecution must also disclose any relevant oral statement which it intends to use at trial, without regard to whether it intends to introduce the statement. Thus, an oral statement by the defendant which would only be used for impeachment purposes would be covered by the rule."). Mr. Guzman Rodriguez requests that the substance of all such statements be produced immediately. Mr. Guzman Rodriguez asks that the Court prohibit the use at trial of any such statements that

-4-                                    08 cr 0640

are not produced pursuant to this request. See Fed. R. Crim. P. 16(d)(2) (the court may "prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances").

(2) <u>The Defendant's Prior Record</u>.  Mr. Guzman Rodriguez requests disclosure of his prior record, including any prior arrest reports, probation reports or any other documents relating to such record . He also requests any prior immigration record. See Fed. R. Crim. P. 16(a)(1)(B). Mr. Guzman further requests the same information as it relates to any co-defendants.

(3) <u>Documents and Tangible Objects</u>.  Mr. Guzman Rodriguez requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him.  See Fed. R. Crim. P. 16(a)(1)(C).  This request specifically includes the defendant's immigration file and any material witness' immigration files.

(4) <u>Reports of Scientific Tests or Examinations</u>.  Mr. Guzman Rodriguez requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial.  See Fed. R. Crim. P. 16(a)(1)(D).  Mr. Guzman Rodriguez notes that no fingerprint analyses have been produced.  If such tests exist, Mr. Guzman Rodriguez requests such discovery.

(5) <u>Expert Witnesses</u>.  Mr. Guzman Rodriguez requests the name and qualifications of any person that the government intends to call as an expert witness.  See Fed. R. Crim. P. 16(a)(1)(E).  In addition, Mr. Guzman Rodriguez requests written summaries describing the bases and reasons for the expert's opinions.  See id.  This request specifically includes any fingerprint experts.

(6) <u>Brady Material</u>.  Mr. Guzman Rodriguez requests all documents,

statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment. See Brady v. Maryland, 373 U.S. 83 (1963). Impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. Guzman Rodriguez requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct, including immigration records. See United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). In addition, Mr. Guzman Rodriguez requests any evidence tending to show that a prospective government witness: (I) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or her testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic.

(7) Request for Preservation of Evidence. Mr. Guzman Rodriguez specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes the tape recording of any deportation proceeding relied upon by the government.

(8) Any Proposed 404(b) Evidence. "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Mr. Guzman Rodriguez requests such notice at least three weeks before trial in order to allow for adequate trial preparation.

(9) Witness Addresses. Mr. Guzman Rodriguez requests the name and last known address of each prospective government witness. He also requests

the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

(10) <u>Jencks Act Material</u>. Mr. Guzman Rodriguez requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1). This request also includes production of transcripts of the testimony of any witness before the grand jury. <u>See</u> 18 U.S.C. § 3500(e)(3). Jencks statements must be produced at a suppression hearing. <u>See</u> Fed. R. Crim. P. 12(i) and 26.2(g). Mr. Guzman Rodriguez requests production of such material before any suppression hearing in order to avoid delay at the hearing, as would be permitted pursuant to Rule 26.2(d).

(11) <u>Informants and Cooperating Witnesses</u>. Mr. Guzman Rodriguez requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957). Mr. Guzman Rodriguez also requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

(12) <u>Evidence of other unlawful immigrant smuggling</u>: Mr. Guzman Rodriguez requests any and all evidence upon which the government bases any

1  claim that Mr. Guzman Rodriguez is involved in other smuggling behavior or has
2  contacts with other immigrant smugglers.
3       (13) <u>Residual Request</u>.  Mr. Guzman Rodriguez intends by this discovery
4  motion to invoke his rights to discovery to the fullest extent possible under the
5  Federal Rules of Criminal Procedure and the Constitution and laws of the United
6  States.  Mr. Guzman Rodriguez requests that the government provide him and his
7  attorney with the above requested material sufficiently in advance of trial.

### III.
### THE COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS.

12      Mr. Guzman Rodriguez asks leave to file further motions in the event
13  further discovery gives rise to the need for further pre-trial proceedings.

### CONCLUSION

16      For the foregoing reasons, Mr. Guzman Rodriguez respectfully requests
17  that the Court order the government to produce discovery and preserve
18  evidence, and grant leave to file further motions.

                                        Respectfully submitted,

Dated:  March 25, 2008                  */S/ Nancy Bryn Rosenfeld*
                                        Nancy Bryn Rosenfeld,
                                        *Attorney for Mr. Guzman Rodriguez*